1   **SINGLETON SCHREIBER, LLP**
    CHRISTOPHER R. RODRIGUEZ, SB# 212274
2       E-Mail: crodriguez@singletonschreiber.com
    ANDREW D. BLUTH, SB# 232387
3       E-Mail: abluth@singletonschreiber.com
    JOHN R. TERNIEDEN, SB# 330343
4       E-Mail: jternieden@singletonschreiber.com
    TRENT J. NELSON, SB# 340185
5       E-Mail: tnelson@singletonschreiber.com
    YUQING "EMILY" MIN, SB# 347239
6       E-Mail: emin@singletonschreiber.com
    1414 K Street, Suite 470
7   Sacramento, California 95814
    Telephone: (916) 248-8478
8   Facsimile: (619) 255-1515

9   **LAW OFFICE OF THOMAS LEARY, APC**
    THOMAS A. LEARY, SB# 123792
10  3023 First Avenue
    San Diego, California 92103
11  Phone: (619) 291-1900

12  Attorneys for Plaintiffs,

13

14              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

15                      COUNTY OF LOS ANGELES

16

17  JOSEPH SHOFET, an individual;          No. 23STCV28635
    KEYONNE BROOKS, an individual;
18  GRACE LAU, an individual; ERIC
    CHIUSOLO, an individual; and DAMIEN
19  MONTOYA, an individual, on behalf of    **CLASS ACTION COMPLAINT**
    themselves and all others similarly situated,

20
                    Plaintiffs,
21                                           **JURY TRIAL DEMANDED**
              v.
22
    ZILLOW, INC., a Washington corporation;
23  ZILLOW GROUP INC., a Washington
    corporation; ZILLOW GROUP
24  MARKETPLACE INC., a Washington
    corporation; TRULIA, LLC., a Delaware
25  limited liability company; and DOES 1-
    100, inclusive,
26
                    Defendants.
27

28

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/21/2023 2:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk

---

1

**COMPLAINT**

Plaintiffs Joseph Shofet; Keyonne Brooks; Grace Lau; Eric Chiusolo; and Damien Montoya, by and through their undersigned counsel, on their own behalf and on behalf of all other persons similarly situated (residents of California only) (collectively, "Plaintiffs"), sue Zillow, Inc., Zillow Group Inc., Zillow Group Marketplace Inc., and Trulia, LLC (collectively "Zillow") and DOES 1 through 100 ("Doe Defendants") (Zillow and Doe Defendants are collectively referred to herein as the "Defendants") and for this Complaint, allege upon information and belief, and based on the investigation to date of their counsel, as follows:

**INTRODUCTION**

1.      This is a class action brought for the benefit and protection of Plaintiffs, and all other similarly situated consumers who are residents of California and who have visited and/or used at least one of the websites or mobile applications operated by Zillow, including without limitation Zillow.com, Zillowgroup.com, Trulia.com, Hotpads.com, Streeteasy.com and Outeast.com, (collectively referred to herein as the "Platforms").

2.      By way of this action, Plaintiffs, and all others similarly situated, seek statutory damages available as a result of Defendants' violations of California Civil Code section 1670.8, as well as public injunctive relief to enjoin ongoing violations of said statutory provisions.

3.      Because of the current power of the internet and social media platforms to publicize a company's offerings of goods or services—and the potential harm to corporate interests when negative consumer statements "go viral"—Defendants have a significant incentive to minimize the negative publicity they receive, including in the form of negative online reviews and comments. Some companies have gone so far as to attempt to prohibit customers and potential customers from making negative statements about the goods or services they offer, to the detriment of consumers, potential consumers, and the public of the State of California.  Fortunately, California Civil Code section 1670.8 was enacted to protect the right of California consumers to voice their opinions, observations, and experiences about the products and services delivered or offered to California consumers, as well as the citizens of the State of California.  The California Legislature reasonably and correctly determined that such freedom is important to keep the public informed and keep large

2

1     corporations honest about the quality of the goods or services they offer to consumers.

2          4.     Section 1670.8(a) provides as follows: "(1) **A contract or proposed contract** for

3     the sale or lease of consumer goods or services **may not include a provision waiving the**

4     **consumer's right to make any statement** regarding the seller or lessor or its employees or agents,

5     or concerning the goods or services" and "(2) **It shall be unlawful to threaten or seek to enforce**

6     **a provision made unlawful under this section, or to otherwise penalize a consumer for making**

7     **any statement protected under this section.**" Section 1670.8's protections are so important that

8     the statute expressly provides that "**any waiver of the provisions of this section is contrary to**

9     **public policy, and is void and unenforceable.**"

10         5.     In order to use and benefit from the Zillow Platforms, Platform visitors, or users, are

11    required to agree to Zillow's Terms of Use ("Terms"). In fact, Zillow asserts that simply by

12    accessing or using its Platforms, users have agreed to be bound by the Terms—regardless of

13    whether users are simply visiting the Platforms or are actual purchasers or registered members of

14    the Platforms. The Terms state that "by clicking a registration or new account submission button,

15    **or by otherwise using our websites, networks, mobile applications, or other services provided**

16    **by the Zillow Companies...or accessing any content provided by us...you agree to be bound**

17    **by [the Terms].**"

18         6.     While conducting substantial business with California consumers, the Terms

19    Defendants impose upon Zillow's customers and prospective customers clearly violate Section

20    1670.8. Pursuant to the Terms that Defendants impose upon their customers for the privilege of

21    accessing the services offered and promoted on the Platforms, Zillow prohibits users from "[using]

22    the Services in any way that harms the Zillow Companies, its service providers, suppliers [or]

23    affiliates. . ." Zillow's Terms, moreover, require users to "agree to not. . . post, reproduce, publicly

24    display, or otherwise make accessible any content, which we [Zillow], in our sole judgment and

25    discretion, consider. . . offensive or objectionable including without limitation content that . . .

26    disparages any individual. . ."

27         7.     Zillow's Terms further threaten to penalize users for making such statements,

28    providing that "[i]f you violate any provision of these Terms of Use, your permission from the

1  Zillow Companies to use the Services will terminate automatically. In addition, we may, in our sole

2  discretion, deactivate, suspend, or terminate your access to your account and the Services at any

3  time for any reason, with or without notice. We may alter, suspend, or discontinue the Services or

4  any portion of the Services, without notice." Zillow's Terms also threaten that "[w]e may. . . at

5  any time and without prior notice, screen, remove, edit, or block any User content on the Services,

6  including User Material, that in our sole judgement violates these Terms of Use or we find

7  otherwise objectionable."

8      8.    Defendants' conduct is unlawful, including for among other reasons, because it is

9  aimed to stifle California consumers' right to free speech, and the right of the California public to

10  hear lawful discourse. Defendants' strong-arm tactics to silence injured parties were and continue

11  to be intentionally exercised to protect Defendants' self-promoting public image for commercial

12  and other benefits. Defendants' unlawful practices, purposefully designed to maintain and increase

13  its consumers and prop up its stock price, all while denying public, consumers, and potential

14  consumers accurate information so that they may make informed decisions as consumers.

15      9.    By way of these provisions, Zillow seeks to have users waive their right as

16  consumers to make negative statements regarding Zillow or its employees, agents, goods or

17  services, and further threatens to penalize consumers for making such statements. These unlawful

18  restrictions—imposed by Defendants against their own customers and prospective customers—is

19  an important component of Zillow's business strategy, which relies upon the popularity of its

20  service offerings nationwide to generate significant revenues and profits. But Defendants' efforts

21  to silence their customers and prospective customers is clearly prohibited by California law, thereby

22  subjecting Defendants to significant penalties, as described herein.

23                       **JURISDICTION AND VENUE**

24      10.    This Court has jurisdiction over the claims and causes of action asserted herein

25  because such claims arise solely and specifically out of Defendants' unlawful practices within the

26  State of California, and relate to at least one statute—California Civil Code section 1670.8—that

27  was designed to protect California's citizens, the application of which is exclusively a matter for

28  the courts of this State.

11.     Venue is proper in this Court because: Defendants transact business in California and in the County of Los Angeles based on Plaintiffs' use of the Platforms in this County; Defendants have committed unlawful acts in the County by and through the Platforms and associated business transactions within the County; and a substantial part of the events giving rise to the claims alleged herein occurred in this County, where at least one of the Plaintiffs resides.

## THE PARTIES

12.     At all relevant times, Plaintiff Joseph Shofet was and has been a citizen of the State of California and a resident of Los Angeles County.  Plaintiff Shofet visited and used Defendants' Platforms within the applicable limitations period in Los Angeles County in the State of California.

13.     At all relevant times, Plaintiff Keyonne Brooks was and has been a citizen of the State of California and a resident of Los Angeles County.  Plaintiff Brooks visited and used Defendants' Platforms within the applicable limitations period in Los Angeles County in the State of California.

14.     At all relevant times, Plaintiff Grace Lau was and has been a citizen of the State of California.  Plaintiff Lau visited and used Defendants' Platforms within the applicable limitations period in the State of California.

15.     At all relevant times, Plaintiff Eric Chiusolo was and has been a citizen of the State of California. Plaintiff Chiusolo visited and used Defendants' Platforms within the applicable limitations period in the State of California.

16.     At all relevant times, Plaintiff Damien Montoya was and has been a citizen of the State of California. Plaintiff Montoya visited and used Defendants' Platforms within the applicable limitations period in the State of California.

17.     Upon information and belief, Zillow is comprised of related corporate entities, each of which conducts business in the State of California with California citizens. Zillow touts itself as the most-visited real estate website in the United States, offering customers an on-demand experience to assist consumers who are interested in selling, buying, renting and/or financing properties. Zillow generates sales through its online advertisements, television and radio programs, and its Platforms.

5

18.     The true names and/or capacities, whether individual, corporate, partnership, associate, governmental, or otherwise, of the Doe Defendants, inclusive, and each of them, are unknown to Plaintiffs at this time, who therefore sues said Doe Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a Doe Defendant caused injuries and damages proximately thereby to Plaintiffs as hereafter alleged, and that each Doe Defendant is liable to Plaintiffs for the acts and omissions alleged herein below, and the resulting injuries to Plaintiffs, and damages sustained by Plaintiffs. Plaintiffs will amend this Complaint to allege the true names and capacities of said Doe Defendants when that same is ascertained.

## FACTS COMMON TO ALL CLASS MEMBERS

19.     At all relevant times, Zillow was and currently is in the business of providing real estate marketplace services and products to consumers and potential consumers in the State of California, through its Platforms.  Zillow's Platforms are targeted to, and accessible by, the citizenry of California.

20.     Zillow is well-aware that its public image is vital to maintaining and gaining customers. If the public sees content posted by users that may be insulting to Zillow, and/or any of its partners, and/or any its employees, and/or concerning any of its goods or services, then its current customers and/or prospective customers may shift to a competitor, ultimately resulting in loss of business and loss of revenue.

21.     Thus, in order to maintain a positive public image, Zillow has engaged in an intentional business strategy to silence each and every customer or potential customer who visits its Platforms by purporting to bind users to its Terms—immediately upon accessing any of its Platforms.

22.     Specifically, Zillow prohibits users from "[using] the Services in any way that harms the Zillow Companies, its service providers, suppliers [or] affiliates... ." Zillow's Terms, moreover, require users to "agree to not. . . post, reproduce, publicly display, or otherwise make accessible any content, which we [Zillow], in our sole judgment and discretion, consider. . . offensive or objectionable including without limitation content that . . . disparages any individual. . ."

6

23.     Zillow's Terms further threaten to penalize users for making any statements that "in any way harms" Zillow in providing that "[i]f you violate any provision of these Terms of Use, your permission from the Zillow Companies to use the Services will terminate automatically. In addition, we may, in our sole discretion, deactivate, suspend, or terminate your access to your account and the Services at any time for any reason, with or without notice. We may alter, suspend, or discontinue the Services or any portion of the Services, without notice." Zillow's Terms also threaten users in providing that "[w]e may. . . at any time and without prior notice, screen, remove, edit, or block any User content on the Services, including User Material, that in our sole judgement violates these Terms of Use or we find otherwise objectionable."

24.     Zillow forbids any consumer or potential consumer in California who uses or accesses any content provided by Defendants on the Platforms from making any statements that "in any way harm[]" Zillow itself, any of its partners, any of its employees, any of its agents, and any of its products or services.

25.     In doing so, Zillow has and continues to engage in conduct that violates California Civil Code section 1670.8.

26.     Each of the Plaintiffs specifically identified herein, and millions more similarly situated persons in the State of California, have visited the Platforms—for any purpose related to their interest in real estate —and thus have been subjected to the unlawful Terms.

### CLASS ACTION ALLEGATIONS

27.     Pursuant to California Code of Civil Procedure section 382, Plaintiffs bring this class action on their own behalf and on behalf of all other similarly situated consumers in California. The proposed class is defined as follows:

a.   During the fullest period allowed by law, all persons residing in California who visited or used the Platforms (the "Class").

28.     Like Plaintiffs, all Class members are California residents who visited or used the Platforms and who were subject to the Terms that limit their rights as consumers or potential consumers to make statements regarding Zillow or its employees, agents, or products and/or services.

7

29.     Excluded from the Class are assigned judges and members of their families within the first degree of consanguinity; Defendants; and Defendants' subsidiaries, affiliates, officers, and directors.

30.     The requirements of Code of Civil Procedure section 382 are satisfied for the proposed Class.

31.     The proposed Class is so numerous that individual joinder of all the members is impracticable because members of the Class number in the tens or hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but are objectively ascertainable and will be determined through appropriate discovery and other readily available means.

32.     Defendants possess objective evidence as to the identity of each Class member and, to a reasonable degree of certainty, the harm suffered by each Class member, including without limitation web traffic data or mobile data evidencing visits to the Platforms, sales receipts, phone numbers, names, rewards accounts data, credit card data, customer service complaint forms/emails/date, and other evidence which objectively identifies Class members.

33.     Class members may be notified of the pendency of this action by mail, publication and/or through the records of Defendants.

34.     There are common questions of law and fact affecting Plaintiffs and Class members. Common legal and factual questions include, but are not limited to:

a. Whether each imposition of Defendants' Terms upon members of the Class constitutes a violation of the provisions of California Civil Code section 1670.8 and, if so, whether each such violation is a "willful, intentional, or reckless" violation;

b. Whether Defendants' Terms are unlawful, contrary to public policy, void and/or unenforceable;

c. Whether Class members are entitled to civil penalties; and

d. Whether, as a result of Defendants' misconduct alleged herein, Plaintiffs and Class members are entitled to injunctive and/or public injunctive relief and, if so, the nature of such relief.

35.     Plaintiffs' claims are typical of the claims of the proposed Class because the rights

8

of Plaintiffs and Class members were violated in the same manner by the same conduct.

36.   Plaintiffs and Class members are all entitled to recover statutory penalties and other relief arising out of Defendants' violations of statutory law alleged herein.

37.   Plaintiffs will fairly and adequately represent and protect the interests of the Class.

38.   Plaintiffs' interests do not conflict with the interests of the Class they seek to represent. Plaintiffs have retained counsel competent and experienced in prosecuting class actions, and Plaintiffs intend to vigorously prosecute this action.

39.   The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class members.

40.   Given the relative value of statutory penalties available to any of the individual Class members, individual litigation is not practicable.

41.   Individual Class members will not wish to undertake the burden and expense of individual cases.

42.   In addition, individualized litigation increases the delay and expense to all parties and multiplied the burden on the judicial system. Individualized ligation also presents the potential for inconsistent or contradictory judgments.

43.   In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

44.   Questions of law and fact common to all Class members predominate over any questions affecting only individual Class members. Injuries sustained by Plaintiffs and Class members flow, in each instance, from a common nucleus of operative facts as set forth above.

45.   In each case, Defendants' actions caused harm to all Class members as a result of such conduct. The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

46.   Proposed Class counsel possesses the knowledge, experience, reputation, ability, skill, and resources to represent the Class and should be appointed lead counsel for the Class.

## COUNT I— VIOLATION OF CIVIL CODE SECTION 1670.8

47.     Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 46 of their Complaint. Plaintiffs assert this first cause of action on behalf of themselves and all other similarly situated persons residing in California who visited or used the Platforms.

48.     Defendants are in the business of business of marketing and providing real estate marketplace services to consumers and potential consumers in California, through its Platforms.

49.     Plaintiffs and Class members visited or accessed the Zillow Platforms.

50.     Pursuant to the Terms for the Platforms, Zillow prohibits users from "[using] the Services in any way that harms the Zillow Companies, its service providers, suppliers [or] affiliates. . ." Zillow's Terms, moreover, require users to "agree to not. . . post, reproduce, publicly display, or otherwise make accessible any content, which we [Zillow], in our sole judgment and discretion, consider. . . offensive or objectionable including without limitation content that . . . disparages any individual. . ."

51.     Zillow's Terms further threaten to penalize users for making any statements that "in any way harms" Zillow in providing that "[i]f you violate any provision of these Terms of Use, your permission from the Zillow Companies to use the Services will terminate automatically. In addition, we may, in our sole discretion, deactivate, suspend, or terminate your access to your account and the Services at any time for any reason, with or without notice. We may alter, suspend, or discontinue the Services or any portion of the Services, without notice." Zillow's Terms also threaten users in providing that "[w]e may. . . at any time and without prior notice, screen, remove, edit, or block any User content on the Services, including User Material, that in our sole judgement violates these Terms of Use or we find otherwise objectionable."

52.     By simply accessing or using the Zillow Platforms, Defendants purport to have charged Plaintiffs and Class members with having read, understood, and agreed to be bound by the Terms.

53.     By way of these restrictions, Defendants intentionally, willfully, or recklessly seek to have Plaintiffs and the Class members waive their rights as consumers to make statements regarding Zillow or its employees, agents, or goods and/or services, which restriction is prohibited

10

1  under California Civil Code 1670.8 and is contrary to public policy.

2  54.  Defendants have repeatedly violated California Civil Code 1670.8 in relation to each

3  of the Plaintiffs and Class members and their respective experiences with said Platforms.

4  55.  Plaintiffs and Class members are thus entitled to civil penalties for Defendants'

5  violations of Civil Code 1670.8, as well as injunctive and/or public injunctive relief.

6  **PRAYERS FOR RELIEF**

7  **WHEREFORE**, Plaintiffs, on behalf of themselves and the putative Class members, pray

8  for judgment as follows:

9  a. Determining that this action is a proper class action and certifying the Class, as defined

10  herein;

11  b. Appointing Plaintiffs as Class representatives;

12  c. Appointing the undersigned as Class counsel;

13  d. Finding Defendants liable to Plaintiffs and Class members for damages in such amount(s)

14  as the Court or Jury may determine;

15  e. Awarding statutorily provided damages to Plaintiffs and Class members, as appropriate;

16  f. Awarding pre- and post-judgment interest;

17  g. Awarding injunctive relief, including public injunctive relief, as claimed herein or as the

18  Court may deem proper;

19  h. Awarding Plaintiffs and Class members attorney fees and all litigation costs, as allowed

20  by law; and

21  i. Awarding such other and further relief as may be just and proper.

22

23  **DEMAND FOR JURY TRIAL**

24  Plaintiffs hereby demand a trial by jury on all issues so triable.

25

26

27

28

11

Dated: November 21, 2023

SINGLETON SCHREIBER, LLP

By: _____
Christopher R. Rodriguez
Attorneys for Plaintiffs


LAW OFFICES OF THOMAS LEARY, APC

By: _____
Thomas A. Leary
Attorneys for Plaintiffs

12