UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    ORDER DENYING PLAINTIFFS' MOTION FOR REMAND [16]

### I.   Introduction

Before the Court is a motion to remand this case back to State court. ECF No. 16. For the following reasons, the motion is DENIED.

### II.   Factual and Procedural Background

Plaintiffs Joseph Shofet, Keyonne Brooks, Grace Lau, Eric Chiusolo, and Damien Montoya (collectively, "Plaintiffs") filed this class action lawsuit against defendants Zillow, Inc., Zillow Group Inc., Zillow Group Marketplace Inc., and Trulia, LLC. (collectively, "Defendants") in Los Angeles Superior Court on November 21, 2023. *See* Compl., ECF No. 1-1. Plaintiffs filed their First Amended Complaint in Los Angeles Superior Court on December 19, 2023. *See* First Am. Compl. ("FAC"), ECF No. 1-12. Plaintiffs added Daniel Fefferman as a plaintiff and Zillow Closing and Escrow Services CA, Inc. as a defendant. *Id.* Plaintiffs allege that they are citizens of the State of California. *Id.* ¶¶ 12–17. Plaintiffs further allege that they have visited and used Defendants' websites within the applicable limitations period in Los Angeles County. *Id.* ¶¶ 12–17. Plaintiff Daniel Fefferman further alleges that he "paid money to Zillow in exchange for services offered for sale on the Platforms." *Id.* ¶ 17. Plaintiffs alleged a single cause of action against all Defendants: violation of Cal. Civil Code § 1670.8. *Id.* ¶¶ 48–

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

56.

Defendants removed the case to federal court on January 4, 2024. ECF No. 1. Plaintiffs filed this motion to remand on February 2, 2024. ECF No. 16. Defendants argued that removal is proper based on the Class Action Fairness Act of 2005 ("CAFA") because the amount in controversy exceeds five million dollars, there are more than 100 putative class members, and minimal diversity exists. Dkt. 1, ¶¶ 10–16.

### III. Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Through CAFA, Congress broadened federal diversity jurisdiction over class actions . . . ." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013)

"As a threshold matter, [federal jurisdiction under] CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir.2007) (quoting 28 U.S.C. § 1332(d)(5); additionally citing § 1332(d)(1)(B) for the definition of a 'class action'). If these prerequisites are met, CAFA vests federal courts with original diversity jurisdiction over a class action "if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Id.* at 1020–21 (citing 28 U.S.C. § 1332(d)(2)). "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Id.* at 1021.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

CAFA contains several exceptions to its grant of federal jurisdiction, one of which is the local controversy exception. *See id.* at 1022–23. The local controversy exception is codified at 28 U.S.C. § 1332(d)(4)(A). It provides as follows:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)—

   (A)

      (i)    over a class action in which—

           (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

           (II)   at least 1 defendant is a defendant—

                (aa) from whom significant relief is sought by members of the plaintiff class;

                (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

                (cc) who is a citizen of the State in which the action was originally filed; and

           (III)  principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

      (ii)   during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

| | |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

"If the above conditions are met, a district court is required to remand the class action back to the originating state court." *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015); *see also Serrano*, 478 F.3d at 1022. But "[t]he local controversy exception to CAFA jurisdiction is a narrow exception." *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016) (citing *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015)). To put a finer point on it, the Ninth Circuit has agreed with the Eleventh Circuit's finding that CAFA's language favors federal jurisdiction over class actions. *Benko*, 789 F.3d at 1116 (citing *Evans v. Walter Indus.*, 449 F.3d 1159, 1163 (11th Cir. 2006)). "[T]he burden of proof for establishing the applicability of an exception to CAFA jurisdiction rests on the party seeking remand, which in this case, as in most cases, is the plaintiff." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013).   !

**IV.   Discussion**

    **A. Plaintiffs Have Failed to Demonstrate that Over Two-Thirds of the Class Are California Citizens; Jurisdictional Discovery Could Have Remedied This Failure**

"To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Id.* "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *see also King v. Great Am. Chicken Corp.*, 903 F.3d 875, 879 (9th Cir. 2018) (noting that "a residential address in California does not guarantee that the person's legal domicile was in California") (citing *Kanter*, 265 F.3d at 857).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

Plaintiffs argue that they "easily meet the requirement that more-than-two thirds of the class members . . . are citizens of California." Pls.' Mot. to Remand ("Remand Mot.") 5, ECF No. 16. They argue that "[a]ll of the individually-named Plaintiffs are citizens of California and all putative class members are citizens of California." *Id.* (citations omitted).

Defendants argue instead that Plaintiffs merely rely on guesswork to establish this claim: "Plaintiffs have failed to prove by a preponderance of the evidence that more than two-thirds of class members were *citizens*—not merely residents—of both the United States and California on the date of removal." Defs.' Opp. to Pls.' Mot. to Remand ("Opp.") 6, ECF No. 19.

"[T]here must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." *Mondragon*, 736 F.3d at 884. "The statute does not say that remand can be based simply on a plaintiff's allegations, when they are challenged by the defendant." *Id.* To evaluate a motion to remand seeking to use the local controversy exception to CAFA jurisdiction, the Ninth Circuit has instructed district courts to make "factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon*, 736 F.3d at 884 (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)). "A complete lack of evidence does not satisfy this standard." *Id.*

The Ninth Circuit acknowledged that this rule "may result in some degree of inefficiency by requiring evidentiary proof of propositions that appear likely on their face." *Id.* "The burden of proof placed upon a plaintiff should not be exceptionally difficult to bear." *Id.* at 886. A court should consider the entire record to determine whether evidence of residency can properly establish citizenship. *Id.* (citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 800 (5th Cir. 2007)). "Factual findings made by a district court after considering the entire record will be, as usual, subject to clear error review." *Id.* (citing *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011) (per curiam)). "As a general proposition, district courts are permitted to make reasonable inferences from facts in evidence, and that is true in applying the local controversy exception under CAFA, as well." *Id.* "And,

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

even under CAFA, the jurisdictional allegations in the complaint can be taken as a sufficient basis, on their own, to resolve questions of jurisdiction where no party challenges the allegations." *Id.* (citing *Uston v. Grand Resorts, Inc.*, 564 F.2d 1217, 1218 (9th Cir. 1977) (per curiam)).

Here, it seems close to obvious that a class of "all persons residing in California who visited or used the Platforms" would be a group of which at least two-thirds are California citizens. FAC ¶ 28-a. *See, e.g., Rodriguez v. Instagram, LLC*, No. C 12-06482 WHA, 2013 U.S. Dist. LEXIS 98627, 2013 WL 3732883, at *7 (N.D. Cal. July 12, 2013)) ("[A] consumer class defined as California residents is, by and large, a class of California domiciles and that the aberrated case wherein a California resident is domiciled elsewhere is so rare as to fall far short of the one-third needed to defeat the exception. The aberrated case could be, for example, a soldier stationed in California (and thus a resident) but whose domicile is New Mexico. Yes, there will be some of those but they will be few and far between. The idea that at least one-third of all California residents claim a domicile elsewhere is fanciful.").

Unfortunately for Plaintiffs, the *Rodriguez* case on which they rely was decided before *Mondragon* and its progeny. In King v. Great American Chicken Corp., the Ninth Circuit rejected the sort of inferential logic outlined above in *Rodriguez*. In *King*, a plaintiff had proposed a class of California employees of a particular company. The Ninth Circuit vacated and remanded the district court; it held that the following facts were insufficient for a district court to conclude that two-thirds of putative class members were California citizens: that the company was incorporated in California, that it had its exclusive place of business in California, that "[t]he geography of California, notably the substantial distances between California's major population centers and other states, make it unlikely that many of [the company's] employees traveled from outside of California," that "[j]obs at fast food restaurants are not likely to attract employees commuting great distances," and that "[t]hough some employees might have maintained legal domiciles in other states, that number was probably not great." *King*, 903 F.3d at 880. According to the Ninth Circuit, the problem with drawing the natural inference from those facts was that doing so "rests on guesswork." *Id.* The Court is not free to make Plaintiffs' requested inference, despite the fact that "[t]he impression that this case would qualify for the local or home-state controversy exception is easy to

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

understand." *Id.* Because there is no evidence for the Court to rely upon at this stage, it must conclude that Plaintiffs have failed to satisfy this requirement of the local controversy exception.

However, the courts in both *Mondragon* and *King* theorized that their plaintiffs "could, if [they] decided to expend the effort, come up with sufficient evidence to establish that two-thirds of prospective class members were citizens of California." *Id.* (citing *Mondragon*, 736 F.3d at 885). The *King* court also reiterated the *Mondragon* court's statement that "[w]e do not think . . . that evidence of residency can never establish citizenship." *Id.* (citing *Mondragon*, 736 F.3d at 886).

Defendants argue that the Court should deny Plaintiffs the ability to engage in jurisdictional discovery. Opp. 13–15. But both the *Mondragon* and *King* courts instructed the respective district courts to allow their plaintiffs to pursue jurisdictional discovery on remand if they chose to do so. The *King* court did so even while acknowledging that "discovery . . . could be burdensome and contentious." 903 F.3d at 880. Here, the Court would have been inclined to allow jurisdictional discovery had its analysis in Section IV-C *infra* not persuaded it that doing so would be futile.

### B. Plaintiffs Have Failed to Demonstrate that ZCS CA's Conduct Forms a Significant Basis for the Claims Asserted; Leave to Amend Could Have Remedied This Failure

Defendants next argue that Plaintiffs have failed to satisfy the second requirement of the local controversy exception to CAFA jurisdiction. That requirement is captured in 28 U.S.C. § 1332(d)(4)(A)(i)(II), which states that at least one defendant must be a defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." Here, the relevant local defendant is Zillow Closing and Escrow Services CA, Inc. ("ZCS CA"). There is no debate that ZCS CA is a California citizen. *See* Opp. 1 (acknowledging that ZCS CA is a "California defendant").

To evaluate whether the claims against the local defendant are 'significant' for the purposes of § 1332(d)(4)(A)(i)(II), "we compare the allegations against [the local defendant] to the allegations made

| | |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

against the other [d]efendants." *Benko*, F.3d at 1118. A district court may only analyze the allegations made in the complaint as part of this inquiry. *Id.* at 1117 (citing *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011)). It is presently unclear how the allegations in Plaintiffs' complaint relate to ZCS CA. In their reply, Plaintiffs argue that "literally each and every member of the class has a claim against ZCS CA because Defendants themselves define ZCS CA as one of the 'Zillow Companies' that seeks to enforce the provisions of the Terms that violate" the relevant California statute. Pls.' Reply ISO Mot. to Remand ("Reply") 7, ECF No. 23. But as the Court currently reads Plaintiffs' complaint, it seems that ZCS CA is merely one of the companies or platforms to which Plaintiffs could lose access were they to violate Zillow's terms of service. The Court understands the complaint to be targeted primarily at Zillow Inc., the entity that put the allegedly offending provision in its terms. As it stands now, the complaint does not satisfy this requirement of the local controversy exception. *See Benko*, 789 F.3d at 1119 ("In this case, a class of exclusively Nevada Plaintiffs has filed suit against six Defendants, one of which is Nevada domiciled. The alleged misconduct took place exclusively in the state of Nevada. The one Nevada domiciled Defendant was allegedly responsible for between 15-20% of the wrongs alleged by the entire class. The Plaintiffs have met their burden to show that this case qualifies for the 'local controversy exception.'").

The *Coleman* rule is inflexible. And because "there is a possibility that a class action may be removed to federal court, with a complaint originally drafted for state court," it is likely that "[t]he state court complaint, in turn, may not address CAFA-specific issues, such as the local controversy exception." *Benko*, 789 F.3d at 1117. Accordingly, the Court would have allowed Plaintiffs leave to amend their complaint so that they could "provide a federal court with the information required to determine whether a suit is within the court's jurisdiction under CAFA." *Id.* However, the Court's analysis in Section IV-C persuades the Court that leave to amend will not result in a complaint which meets the local controversy requirements.

### C. Plaintiffs Have Failed to Adequately Allege that Their Principal Injuries Were Incurred in California; No Amendment Can Remedy This Failure

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

Defendants next argue that Plaintiffs have failed to satisfy the third requirement of the local controversy exception. That requirement is that the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc). More specifically, Defendants contend that Plaintiffs cannot merely choose a California specific law and a class of California residents to satisfy this element because the conduct and resulting injuries occurred on a nationwide scale. Opp. 11–13.

Plaintiffs argue that "[t]here is literally no other forum in the country other than California [where] Plaintiffs could bring this claim" because "Section 1670.8 is the only 'gag statute' in the country that allows a consumer to pursue a private right of action." Reply 9. There is a national version of California's "Yelp Law" (Cal. Civ. Code § 1670.8) entitled the Consumer Review Fairness Act of 2016, 15 U.S.C. § 45b. That statute can be enforced by the Federal Trade Commission or by a State Attorney General; it does not permit a private right of action. § 45b(d)-(e). With that said, the statute does provide that "[n]othing in this section shall be construed to affect any cause of action brought by a person that exists or may exist under State law." §45b(g).

Unfortunately for Plaintiffs, most California district courts to have considered this issue have found Defendants' arguments persuasive. "California district courts have consistently refused to remand class actions that allege solely violations of California law but that are premised on nationwide conduct." *R.A. v. Amazon.com, Inc.*, 406 F. Supp. 3d 827, 834 (C.D. Cal. 2019). *See also Beasley v. Lucky Stores, Inc.*, 379 F. Supp. 3d 1039, 1045 (N.D. Cal. 2019) (collecting cases); *Clark v. WorldMark, The Club*, No. 1:18-cv-01661-LJO-JLT, 2019 U.S. Dist. LEXIS 34233, 2019 WL 1023887, at *12 (E.D. Cal. Mar. 1, 2019) (referencing Senate Committee example of CAFA local controversy exception not applying to a scenario in which relief is sought by an in-state class against in-state car dealers for defective cars and out-of-state car manufacturers for cars distributed nationwide). This analysis comports with the Ninth Circuit's reading of CAFA's underlying purpose: "Congress passed CAFA with the 'overall intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" *Brinkley v. Monterey Fin. Servs., LLC*, 873 F.3d 1118, 1121 (9th Cir. 2017).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-00092-SVW-BFM | Date | March 27, 2024 |
|---|---|---|---|
| Title | *Joseph Shofet et al. v. Zillow Inc. et al.* | | |

The terms and conditions alleged to have violated Cal. Civ. Code § 1670.8 are used nationwide; any consumer attempting to use Defendants' platforms must agree to them. FAC ¶ 5. Plaintiffs have made no allegations that Defendants deploy a specific set of terms and conditions to California residents which offend either California or national law. *That* injury is one which would meet the principal injury requirement of the local controversy exception to CAFA jurisdiction. The injury described in the FAC is not, and no amended complaint could make it so; the Court therefore DENIES leave to amend.

### V. Conclusion

Plaintiffs' motion is DENIED because it fails to satisfy each of the three prongs of the local controversy exception requirements. Two of those failures could have been corrected through jurisdictional discovery (failure to prove that two-thirds of class members are California citizen) and an amended complaint (failure to allege local defendant's conduct was a significant basis for the claims asserted). But the third failure—failure to allege that principal injuries were incurred in California—cannot be corrected because the conduct at issue occurred nationwide. The Court therefore DENIES Plaintiffs' request for leave to conduct jurisdictional discovery and Plaintiffs' request for leave to amend their complaint to address the local controversy requirements. Plaintiffs may petition the Court for leave to amend their complaint for other reasons.

!
!
**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |